UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **METROPOLITAN DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY,** <br>     **Plaintiff,** <br><br> V. <br><br> **LARRY FARMER,** <br>     **Defendant.** | **CIVIL NO. 5:17-CV-40-KKC** <br><br> **MEMORANDUM OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Larry Farmer's motion to dismiss. (DE 9). Farmer's main argument is that this Court should decline to exercise its discretionary jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. For the reasons set forth below, the Court denies Defendant's motion to dismiss and will retain jurisdiction over the declaratory action.

**I. Background**

Larry Farmer claims that on October 1, 2015 he was struck by a vehicle while walking near a grocery store in Lexington, Kentucky. At the time of the alleged incident, Farmer was insured by Metropolitan Direct Property and Casualty Insurance Company ("Metropolitan") under a policy that included uninsured motorist benefits for $100,000 per person, $300,000 per accident. Farmer did not immediately report the incident to police or Metropolitan and he did not exchange information with the driver. On May 16, 2016, Farmer first filed a claim for uninsured motorist benefits. Metropolitan denied Farmer's claim because he did not report the incident within twenty-four hours to police and did not report the incident within thirty days to Metropolitan, as required by the policy.

1

On January 25, 2017, Metropolitan filed this action seeking a declaratory judgment regarding its obligation to afford Farmer uninsured motorist benefits. Fifteen days after being served with the complaint, Farmer filed an action in Fayette Circuit Court against Metropolitan and the driver of the vehicle which he alleged struck him, identified only as "Unknown Defendant." *Larry Farmer v. Metro. Direct Prop. & Cas. Ins. Co.*, No. 17-CI-00533 (Ky. Cir. Ct.). Farmer's original complaint in that action sought a declaratory judgment that "the insurance coverage[] . . . is in full effect and available to pay any judgment rendered in this matter." (State Court Compl. DE 12-2, at ¶ 9).

Shortly thereafter, Metropolitan filed a motion to dismiss the state court action because the same issues were being litigated in federal court, (DE 12-3), Farmer amended his state court complaint to add a claim that Metropolitan wrongfully denied his claim for Reparations Benefits/PIP benefits. (DE 12-4, at ¶ 4). Farmer then filed the motion to dismiss that is currently before the Court. (DE 9).

As a result of Farmer's amended state court complaint, Metropolitan filed a motion to amend its complaint in this action to seek a declaratory judgment that Farmer is not entitled to basic reparations benefits under the policy. (DE 11). Simultaneously, Metropolitan filed a response to Farmer's motion to dismiss. (DE 12). The Court has granted Metropolitan's motion to amend its complaint. (DE 13). Farmer's motion to dismiss is now ripe for consideration.

## II. Analysis

### A. Farmer's first argument does not state a basis for dismissal

Farmer's first argument is that the alleged incident was not a "hit and run" and therefore the exclusions Metropolitan cited for denying coverage do not apply. Farmer does not state the legal basis on which he seeks dismissal. To the extent that Farmer believes that Metropolitan has failed to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), that argument fails. The Declaratory Judgment Act provides that "[i]n a case of actual controversy

2

within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. 2201(a). Metropolitan's complaint successfully sets out a claim upon which relief can be granted under the Act.

**B. The Declaratory Judgment Act**

Farmer's next argument is that the Court should exercise its discretion under the Declaratory Judgment Act to decline jurisdiction because of the ongoing state court proceedings. The Sixth Circuit has identified five factors, one of which includes three sub-factors, that district courts must assess in determining whether to exercise jurisdiction.[1] *See Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Those factors are:

(1) Whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction; [which is determined by asking]

   a. whether the underlying factual issues are important to an informed resolution of the case;

   b. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

   c. whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action; and

---

[1] Metropolitan argues that the Court does not need to resort to the *Grand Trunk* balancing factors in determining whether to retain jurisdiction. But Metropolitan does not cite any case which suggests there is a "step zero" for determining if the factors should be weighed. In fact, the recent cases cited by Metropolitan applied *Grand Trunks* balancing test. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008); *Kmart Corp. v. Key Industries, Inc.*, 877 F. Supp. 1048 (E.D. Mich. 1994).

3

(5) whether there is an alternative remedy which is better or more effective.

*W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (quoting *Scottsdale*, 513 F.3d at 554, 560) (alteration in original). These factors are intended to consider "efficiency, fairness, and federalism." *Id.* The factors have not been assigned weight in the abstract. Instead, their relative weight depends on the facts of the case. *Id.* These factors are addressed in turn.

*1. Whether the declaratory action would settle the controversy and whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue*

The first and second factors are appropriately considered together in this case. *See Scottsdale*, 513 F.3d at 546. The Plaintiff and Defendant in this case both seek a declaration of their rights under Metropolitan's insurance policy.[2] Thus, the "competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible" are not present. *Scottsdale*, 513 F.3d at 555. The federal and state proceedings in this case have identical issues—whether the policies hit and run exclusion applies and whether Farmer is entitled to payment of reparation benefits. There is no aspect of the Farmer's parallel state proceeding that cannot be resolved in this federal action. Thus, resolution of the federal action will resolve the entire controversy and clarify all legal relations between Farmer and Metropolitan. Farmer argues that these factors support dismissal because the controversy is factual in nature. This argument is misguided. First, the interpretation of the insurance contract in this case is a question of law, not fact. *See Kemper v. Heaven Hill Distilleries*, 82 S.W.3d 869, 871 (Ky. 2002) ("Interpretation and construction of an insurance contract is a matter of law for the court."). Second, even if there were factual issues, their mere presence does not mean that the declaratory action cannot settle the

---

[2] When Farmer filed this motion to dismiss, the only difference between the actions was that this case did not seek a declaration regarding Metropolitan's obligation to pay reparation benefits. Since Metropolitan amended its complaint, the issues between Farmer and Metropolitan are identical in both proceedings. The only remaining difference is the claim against the "Unknown Defendant" driver in the state action. But Farmer himself admits he lacks any information as to this Unknown Defendant's identity, and nowhere in his motion to dismiss does he argue that his state claim against the Unknown Defendant should preclude this Court from retaining jurisdiction of this case.

4

controversy or clarify the legal relations. Thus, these factors weighs heavily in retaining jurisdiction.

2. *Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for res judicata*

Third, the Court must consider if this declaratory action is being used for procedural fencing or as an arena for a race for *res judicata*. The term procedural fencing "encompass[es] a range of tactics that courts regard as unfair or unseemly." *Hoey*, 773 at 761. It appears that Farmer, not Metropolitan, is the party attempting to play procedural games. Farmer initiated his state court action raising identical claims after Metropolitan initiated this federal action. And Farmer has amended his state court complaint to add new claims in an apparent attempt to avoid dismissal. In contrast, Metropolitan has done nothing more than file its action in its preferred forum. *See Scottsdale*, 513 F.3d at 559 (holding that "exercise of [plaintiff's] right to choose a federal forum was not designed to precipitate a race for *res judicata*."). Farmer's claim that Metropolitan initiated this action to avoid litigating underlying factual issues in state court is unavailing. Farmer has not identified any factual issues being litigated in state court that cannot be addressed by this federal action. There is no evidence that Metropolitan had an improper motive in bringing this action, and the Court should hesitate before imputing one. *Id.* at 558. Accordingly, this factor also weighs in favor of retaining jurisdiction.

3. *Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction*

The fourth factor is intended to address federalism concerns. The Sixth Circuit has identified three sub-factors to determine if federalism concerns are present. The first sub-factor "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Id.* at 560. Declaratory actions which resolve the scope of insurance coverage can "sometimes be resolved as a matter of law and do not require factual findings by a state court." *Id.* But, the Court must

5

also be aware that resolution of the federal case may "require factual findings that might conflict with similar findings made by the state court." *Id.* The second sub-factor considers which court "is in a better position to resolve the issues in the declaratory action." *Id.* State courts are generally considered to be the better forum for resolving novel questions of state law. If state law is unclear or if the question of the scope of insurance coverage is before the state court, federal jurisdiction may offend principles of comity. *Id.* (quoting *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)). The third sub-factor asks "whether the issue in the federal in the federal action implicates important state polices and is, thus, more appropriately considered in state court." *Id.* at 561. The Sixth Circuit has stated that "issues of insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." *Id.* (quoting *Travelers Indem. Co. v. Bowling Green Pro'l Assocs., PLC*, 495 F.3d 266, 273 (6th Cir. 2007)) (internal quotation marks omitted). On the other hand, "not all issues of insurance contract interpretation implicate such fundamental state polices that federal courts are unfit to consider them." *Id.* (citing *Northland*, 327 F.3d at 454).

The first sub-factor supports retaining federal jurisdiction. The scope of Metropolitan's insurance policy is a question of law, not fact, and does not require factual findings by the state court. The second factor is neutral or weighs slightly against federal jurisdiction. It is unclear based on the parties briefing if there are novel issues of state law to be addressed. Neither party addresses the clarity of Kentucky state law when discussing this factor in their briefing. Elsewhere, however, Farmer claims that Metropolitan's policy does not define hit and run and that its common dictionary meaning therefore applies. Metropolitan also claims that the Kentucky Supreme Court has found language similar to Metropolitan's uninsured motor vehicle provision to not exclude insurance coverage on the basis of the vehicle being unidentifiable. *See Dowell v. Safe Auto Ins. Co.*, 208 S.W.3d 872, 878 (Ky. 2006). Metropolitan

6

claims that *Dowell* is distinguishable because neither injured person spoke to the driver and they filed a police report. Instead, Metropolitan asserts that, pursuant to the holding in *Motorists Mut. Ins. Co. v. Hunt*, 549 S.W.2d 845 (Ky. App. 1977), the burden is on Farmer to prove the driver was uninsured because he is the party claiming benefits. *Id.* at 847. While these issues have not been fully briefed, it appears there some possibility that the Court will be faced with deciding novel questions of state law. The extent to which this Court can reasonably predict how Kentucky courts' would resolve the question remains unclear. Finally, the third sub-factor is neutral. While interpretation of an insurance contract is a question of state law, there is no evidence that interpretation of the scope of the provisions at issue in this case implicate fundamental state policies. Thus, having analyzed these sub-factors, the Court finds that the fourth *Grand Trunk* factor is neutral or, at most, weighs slightly against retaining jurisdiction.

*4. Whether there is an alternative remedy which is better or more effective*

The final *Grand Trunk* factor requires the Court to consider if "an alternative remedy is better or more effective." *Grand Trunk* F.2d at 326. The alternative remedy in this case is a state declaratory action, such as the one initiated by Farmer. And this remedy may be better because "Kentucky courts are in a superior position to resolve undecided questions of state law . . . ." *Scottsdale*, 513 F.3d at 562. Thus, this factor weighs slightly against exercising jurisdiction.

*5. Balancing the Grand Trunk factors*

When balancing all *Grand Trunk* factors, the Court must keep in mind the goals of efficiency, fairness, and federalism upon which they are based. The first two factors—settlement of the controversy and clarification of the legal relations—serve the purpose of promoting efficiency, and weigh in favor retaining jurisdiction. The third factor—race for *res judicata*—promotes fairness. The record contains no evidence that Metropolitan has an

improper motive in initiating this federal action, while there is evidence that Farmer has engaged in a race for *res judicata* by subsequently filing a state action and amending his complaint to avoid dismissal. This also weighs in favor of retaining jurisdiction. The remaining factors—friction between federal and state courts and the availability of an alternative remedy—promote federalism. These factors are neutral or, at most, weigh only slightly in favor of dismissal. Accordingly, efficiency and fairness outweigh the slight federalism interest that would be served by refusing jurisdiction of this action. The Court will retain jurisdiction over Metropolitan's declaratory action.

### III. Conclusion

For the reasons stated above, the Court **HEREBY ORDERS** that Plaintiff's motion to dismiss (DE 9) is **DENIED**.

Dated February 21, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY